FILED
CLERK, U.S. DISTRICT COURT

FEB 22 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CASE NO: SACV 06-859 JVS(ANx)

Bari Vaughn,

                              Plaintiff,                    JURY INSTRUCTIONS

                    v.

CNA Casualty of California, Law
Offices of Linda M. Libertucci, *et al.*,

                              Defendants.

DATED: February 22, 2008          JAMES V. SELNA

                                  UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 1

Members of the jury:  Now that you have heard all the evidence, it is my duty to instruct you on the law which applies to law of the case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.

INSTRUCTION NO. 2

The parties in this case are Bari Vaughn ("Vaughn"), the plaintiff, and Continental Casualty Company ("Continental Casualty"), the defendant. You have heard references to CNA and the Law Offices of Linda M. Libertucci; these are simply other names for Continental Casualty.

3

# INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which the lawyers stipulate.

4

INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

Some evidence has been admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

INSTRUCTION NO. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness' memory;

(3)   the witness' manner while testifying;

(4)   the witness' interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness' testimony;

(6)   the reasonableness of the witness' testimony in light of all of the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 8

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

INSTRUCTION NO. 9

The parties have agreed to certain facts as follows:

1.     Bari Vaughn, a licensed attorney, was employed by Continental Casualty as an Attorney from 9/9/1996 to 6/20/05.

2.     Continental Casualty's Orange County Staff Counsel is known as "Law Office of Linda Libertucci" from 2001 to the present.  The latter is not a separate legal entity.

3.     Continental Casualty acknowledges that all references to Continental Casualty Insurance, CNA or the "Law Office of Linda M. Libertucci" throughout the trial refer, for all purposes, to Continental Casualty.

4.     In March 1999, Bari Vaughn was hospitalized for a bleeding ulcer. You should therefore treat these facts as having been proved.

INSTRUCTION NO. 10

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

INSTRUCTION NO. 11

You may consider whether a party failed to explain or deny some unfavorable evidence.  Failure to explain or deny unfavorable evidence may suggest that the evidence is true.

INSTRUCTION NO. 12

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

INSTRUCTION NO. 13

You have listened to a tape recording that has been received in evidence. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what happens or appeared in the transcript, what you heard is controlling.

INSTRUCTION NO. 14

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons for the opinion, and all other evidence in the case.

INSTRUCTION NO. 15

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence of the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 16

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

17

INSTRUCTION NO. 17

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 18

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 19

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

20

INSTRUCTION NO. 20

You have heard evidence of claims by other Continental Casualty employees.  Those claims are not part of this case, and you may not award damages for any harm claimed by those employees.

However, you may consider such evidence for the following limited purposes:

•Whether there was a pattern or practice at Continental Casualty with regard to the treatment of employees with disabilities or perceived to have disabilities.

•Whether Continental Casualty took all reasonable steps to eliminate disability discrimination or retaliation in the workplace.

•With respect to punitive damages, whether there is a likelihood that Continental Casualty will repeat any conduct which you find supports the award of punitive damages.

INSTRUCTION NO. 21

Vaughn bring each of her claims under the California Fair Employment and House Act ("FEHA"). FEHA requires that a plaintiff must file a complaint with the Department of Fair Employment and Housing within one year of the allegedly discriminatory conduct. Only the conduct that occurred within the one year before the filing is the basis for a legal claim. If the conduct falls outside this one year period, Plaintiff cannot recover for that alleged discrimination. Here Vaughn filed her claim with the Department of Fair Employment and Housing on June 6, 2006.

There is an exception to this rule for a plaintiff who has experienced a continuous policy and practice of discrimination. Discrete incidents of discriminatory treatment that are not related to discriminatory policies or mechanisms, however, cannot be considered by you. Plaintiff must prove that there were specific ongoing discriminatory policies or practices. If Defendant was aware of specific and related instances of discrimination and permitted them to continue unremedied over a significant period of time, you may find that those instances reflect the existence of a discriminatory policy or practice. If you find that there was a continuous policy of discrimination, then Plaintiff can recover for all the discrimination, no matter when it occurred, so long as the last discriminatory act in furtherance of the policy and practice fell within the one year period.

If you find that the exception is not applicable, you may still consider evidence prior to the one-year period to determine whether the claimed unlawful conduct occurred within the one-year period, even though Vaughn cannot base a claim on that earlier conduct and even though you cannot award damages for such conduct. For example if there is a pattern of conduct which extends past the one-year period, you may consider whether such pattern continued during the one-year

1    period.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 22

Bari Vaughn claims that Continental Casualty wrongfully discriminated against her based on her disability. To establish this claim, Bari Vaughn must prove all of the following:

1.      That Continental Casualty was an employer;

2.      That Bari Vaughn was an employee of Continental Casualty;

3.      That Continental Casualty knew or thought Bari Vaughn had a mental disability that limited her ability to work;

4.      That Bari Vaughn was able to perform the essential job duties with reasonable accommodation for her condition;

5.      That Continental Casualty discharged Bari Vaughn;

6.      That Bari Vaughn's mental disability was a motivating reason for the discharge;

7.      That Bari Vaughn was harmed; and

8.      That Continental Casualty's decision was a substantial factor in causing Bari Vaughn harm.

INSTRUCTION NO. 23

"Mental disability" includes, but is not limited to, all of the following:

(1)    Having any mental or psychological disorder or condition, such as mental retardation, organic brain syndrome, emotional or mental illness, or specific learning disabilities, that limits a major life activity;

(2)    Any other mental or psychological disorder or condition not described in paragraph (1) that requires special education or related services.

(3)    Having a record or history of a mental or psychological disorder or condition described in paragraph (1) or (2), which is known to the Defendant;

(4)    Being regarded or treated by Continental Casualty as having, or having had, a mental or psychological disorder or condition that has no present disabling effect, but that may become a mental disability as described in paragraph (1) or (2).

"Major life activities" must be broadly construed and include physical, mental, and social activities, as well as working.

"Mental disability" does not include psychoactive substance use disorders resulting from current unlawful use of controlled substances or other drugs.

A personality conflict or inability to work with a particular supervisor, even if it causes the employee stress or discomfort, such anxiety or depression, does not constitute a disability.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INSTRUCTION NO. 24

"Essential functions" means the fundamental job duties of the employment position the individual with a disability holds or desires. "Essential functions" does not include the marginal functions of the position. A job function may be considered essential for any of several reasons, including, but not limited to, any one or more of the following:

1.    The function may be essential because the reason the position exists is to perform that function;

2.    The function may be essential because of the limited number of employees available among whom the performance of that job can be distributed;

3.    The function may be highly specialized, so that the incumbent in the position is hired for her or her expertise or ability to perform the particular function.

Evidence of whether a particular function is essential includes, but is not limited to, the following:

1.    The employer's judgment as to which functions are essential;

2.    Written job descriptions used by the Company;

3.    The amount of time spent on the job performing the function;

4.    The consequences of not requiring the employee to perform the

function;

5.    The work experiences of past incumbent in the job;

6.    The current work experience of incumbents in similar jobs.

28

INSTRUCTION NO. 25


A motivating factor is something that moves the will and induces action.

INSTRUCTION NO. 26

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

INSTRUCTION NO. 27

You may consider departures from regular practice or deviation from an employer's own policies in determining motive.

INSTRUCTION NO. 28

An employer has the right to determine what duties are essential to a position.   An employer is entitled to establish or change the content, nature, or functions of a job.

INSTRUCTION NO. 29

Even if an employee suffers a disability, by law, an employer does not have to eliminate or limit an essential function or fundamental duty of that employee's job in order to accommodate the employee. An employer is also not required to do any of the following:

1.    lower work standards–whether qualitative or quantitative–that are applied uniformly to employees without disabilities; or

2.    re-assign an employee to work with another supervisor with whom she could get along.

33

INSTRUCTION NO. 30

An infrequent task or function may still be deemed an essential job function if an employee is required to assume the risk that they will have to perform that task or function.

34

INSTRUCTION NO. 31

    If a disabled employee is unable to perform the essential functions of his or her position, with or without reasonable accommodations, as that term is defined in these instructions, the employee can lawfully be terminated.

INSTRUCTION NO. 32

Conduct or symptoms resulting directly from a disability is considered to be part of the disability.

INSTRUCTION NO. 33

Continental Casualty claims that Ms. Vaughn's proposed accommodations would create an undue hardship to the operation of its business. To succeed, Continental Casualty must prove by a preponderance of the evidence that the accommodations would be significantly difficult or expensive to make. In deciding whether an accommodation would create an undue hardship, you may consider the following factors:

a.    The nature and cost of the accommodation;

b.    Continental Casualty's ability to pay for the accommodation;

c.    The type of operations conducted at the facility;

d.    The impact of the operations of the facility;

e.    The number of Continental Casualty's employees and the relationship of the employees' duties to their clients and to one another;

f.    The number, type, and location of Continental Casualty's facilities; and

g.    The administrative and financial relationship of the facilities to one another.

No one factor is controlling; a showing with respect to all factors is not necessarily required.

37

INSTRUCTION NO. 34

Bari Vaughn claims that Continental Casualty failed to reasonably accommodate her mental disability.  To establish this claim, Vaughn must prove all of the following by a preponderance of the evidence:

1.    That Continental Casualty was an employer;

2.    That Vaughn was an employee of Continental Casualty;

3.    That Continental Casualty knew or thought that Vaughn had a disability that limited her ability to work;

4.    That Vaughn was able to perform the essential functions of the position;

5.    That Continental Casualty failed to provide reasonable accommodation for Vaughn's disability;

6.    That Vaughn was harmed; and

7.    That Continental Casualty's failure to provide reasonable accommodation was a substantial factor in causing Vaughn's harm.

In determining whether Vaughn's condition limits her ability to work, you must consider the condition in its unmedicated state.

INSTRUCTION NO. 35

A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job. Reasonable accommodations may include the following:

a.    Making the workplace readily accessible to and usable by employees with disabilities;

b.    Changing job responsibilities or work schedule;

c.    Reassigning the employee to a vacant position;

d.    Modifying or providing equipment or devices;

e.    Providing other similar accommodations for an individual with a disability.

If more than one accommodation is reasonable, an employer satisfies its obligation to make a reasonable accommodation if it selects one of those accommodations in good faith.

Reassignment is a reasonable accommodation of last resort.  Before considering reassignment as a reasonable accommodation, employers should first consider those accommodations that would enable an employee to remain in his or her current position.

INSTRUCTION NO. 36

When an individual decides to request accommodation, the individual or his or her representative must let the employer know that he or she needs an adjustment or change at work for a reason related to a medical condition. To request an accommodation, an individual may use "plain English" and need not mention the FEHA or use the phrase "reasonable accommodation."

An individual with a disability may request a reasonable accommodation at any time during his or her employment.

The employer and the individual with a disability should engage in an informal process to clarify what the individual needs and identify the appropriate reasonable accommodation. This is called the interactive process. The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees with the goal of identifying an accommodation that allows the employee to perform the job effectively. For the process to work, both sides must participate, exchange essential information and neither side can delay or obstruct the process.

An employer may not require a qualified individual with a disability to accept an accommodation. If, however, an employee needs a reasonable accommodation to perform an essential function and refuses to accept an effective accommodation, he or she may not be qualified to remain in the job.

INSTRUCTION NO. 37

Once an employer is aware of an employee's disability or the need accommodation, the employer is under a "continuing duty" to accommodate that is not exhausted by one effort where a disability continues to exist and the need for an accommodation continues to exist.

INSTRUCTION NO. 38

An employer is not required to provide an accommodation to an employee merely because an employer had provided an accommodation in the past or excused an employee from performing the essential functions of a job in the past.

INSTRUCTION NO. 39

An employer cannot ask for medical documentation (1) when an employee has already provided the employer with sufficient information to substantiate that she has a disability that needs the reasonable accommodation requested or (2) when both the disability and the need for reasonable accommodation are obvious.

However, an employer may always request updated or current medical documentation if it does not have such information.

43

INSTRUCTION NO. 40

In this case you are not being asked to second-guess the wisdom of the decisions that adversely affected plaintiff; you are being asked to determine if specific claimed violations of law occurred; namely; failure to engage in the interactive process, failure to offer a reasonable accommodation, discrimination, retaliation, and wrongful termination.   As long as the decision is not the result of such unlawful conduct, it does not violate California law for an employer to make decisions adverse to an employee for a reason that is incorrect or even mistakenly believed to be correct.

An employer has the discretion to make decisions concerning the employment of its employees, such as Vaughn, on the basis of subjective business judgments, as long as it is not for an illegal reason.

44

INSTRUCTION NO. 41

Plaintiff Bari Vaughn claims that Continental Casualty failed to engage in the interactive process. To establish this claim, Bari Vaughn must prove all of the following by a preponderance of the evidence:

1.     That Bari Vaughn had, or was perceived as having, a mental disability that limited the major life activity of working;

2.     That Continental Casualty knew of Bari Vaughn's mental disability, or perceived or regarded her as having a disability, or Bari Vaughn made her mental disability known to Continental Casualty;

3.     Bari Vaughn in good faith requested that Continental Casualty engage in an interactive process to determine an effective reasonable accommodation for the mental disability;

4.     That Continental Casualty failed to engage in a timely and good faith manner in this interactive process; and

5.     That Continental Casualty's failure was a substantial factor in causing Bari Vaughn's injury, damage, loss or harm.

INSTRUCTION NO. 42

If you find that Continental Casualty failed to engage in the interactive process when requested or otherwise obligated to do so, then you must also find that Continental Casualty failed to provide a reasonable accommodation.

46

INSTRUCTION NO. 43

Vaughn claims that Continental Casualty retaliated against her by terminating her employment.  To establish this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

1.      That Vaughn complained about Continental Casualty's failure to engage in the interactive process, failure to provide a reasonable accommodation for her disability, and/or discrimination against her on the basis of disability;

2.      That Continental Casualty terminated Vaughn's employment;

3.      That Vaughn's complaint(s) was a motivating reason for Continental Casualty's decision to discharge Vaughn;

4.      That Vaughn was harmed; and

5.      That Continental Casualty's retaliatory conduct was a substantial factor in causing Vaughn's harm.

INSTRUCTION NO. 44

California law only prohibits Continental Casualty from taking adverse action against Vaughn in order to retaliate against her for having complained. It does not prohibit Continental Casualty from making an employment decision for other reasons, such as for Vaughn's inability to perform the essential functions of her job.

If you find that Continental Casualty subjected Vaughn to an adverse employment action, but that Continental Casualty did not carry out the adverse employment action pursuant to a desire to retaliate against her for having complained, then Continental Casualty did not violate the law.

48

INSTRUCTION NO. 45

Bari Vaughn claims that Continental Casualty failed to prevent discrimination based on Vaughn's disability.  To establish this claim, Vaughn must prove all of the following:

1.    That Vaughn was an employee of Continental Casualty;

2.    That Vaughn was subjected to discrimination or retaliation;

3.    That Continental Casualty failed to take all reasonable steps to prevent the discrimination or retaliation;

4.    That Vaughn was harmed; and

5.    That Continental Casualty 's failure to take all reasonable steps to prevent discrimination or retaliation was a substantial factor in causing Vaughn's harm.

INSTRUCTION NO. 46

Vaughn claims she was discharged from employment for reasons that violate a public policy. To establish this claim, Vaughn must prove all of the following by a preponderance of the evidence:

1.  That Vaughn was employed by Continental Casualty;

2.  That Vaughn had a disability or was perceived as having a disability;

3.  That Vaughn could perform the essential functions of the job;

4.  That Continental Casualty discharged Vaughn;

5.  That Vaughn's disability or her complaint(s) about failure to accommodate her disability, failure to engage in the interactive process, failure to provide a reasonable accommodation for her disability, and/or discrimination against her on the basis of disability was a motivating reason for Vaughn's discharge; and

6.  That the discharge caused Vaughn harm.

# INSTRUCTION NO. 47

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The mental, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of earnings lost to the present time; and

The reasonable value of earnings which with reasonable probability will be lost in the future.

Your award must be based upon the evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 48

Bari Vaughn is not entitled to damages for any physical or emotional condition that she had before Continental Casualty's conduct occurred. However, if Bari Vaughn had a physical or emotional condition that was made worse by Continental Casualty's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

INSTRUCTION NO. 49

You must decide the full amount of money that will reasonable and fairly compensate Bari Vaughn for all damages caused by the wrongful conduct of Continental Casualty, even if Bari Vaughn was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

INSTRUCTION NO. 50

If you decide Bari Vaughn has suffered damages that will continue for the rest of her life, you must determine how long she will probably live. According to standard mortality tables, a 52-year old female is expected to live another 30 years. This is the average life expectancy. Some people live longer and others die sooner.

This published information is evidence of how long a person is likely to live but is not conclusive. In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle and occupation.

INSTRUCTION NO. 51

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.     that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.     the amount by which damages would have been mitigated.

55

INSTRUCTION NO. 52

If you decide that Continental Casualty's conduct alleged in any of the causes of action caused Bari Vaughn harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer and to discourage him or her and others from similar conduct in the future.

You may award punitive damages against Continental Casualty for its conduct only if Bari Vaughn proves by clear and convincing evidence that it engaged in that conduct with malice, oppression or fraud.

"Malice" means acting with intent to cause injury or conduct that was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that conduct was despicable and subjected Bari Vaughn to cruel and unjust hardship in knowing disregard of her rights.

"Fraud" means an intentional misrepresentation or concealment of a material fact made with the intent to harm.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means an intentional misrepresentation or concealment of a material fact made with the intent to harm Bari Vaughn.

1    Bari Vaughn must also prove one of the following by clear and convincing

2  evidence:

3

4    1.  The wrongful conduct was undertaken by an officer, a director, or a

5  managing agent of Continental Casualty who was acting on behalf of Continental

6  Casualty;

7

8    2.  An officer, a director, or a managing agent of Continental Casualty had

9  advance knowledge of the unfitness of the employee undertaking the wrongful

10  conduct and employed him or her with a knowing disregard of the rights or safety

11  of others;

12

13    3.  An officer, a director, or a managing agent of Continental Casualty

14  authorized the wrongful conduct of the employee; or

15

16    4.  An officer, a director, or a managing agent of Continental Casualty knew

17  of the employee's wrongful conduct and adopted or approved the conduct after it

    occurred.

18

19    An employee is a "managing agent" if he or she exercises substantial

20  independent authority and judgment in his or her corporate decision making so that

21  his or her decisions ultimately determine policy for the corporation or a significant

22  aspect of the corporation's business.

23

24    There is no fixed standard for determining the amount of punitive damages,

25  and you are not required to award any punitive damages.  In deciding the amount

26  of punitive damages, if any, you should consider all of the following:

27

28

(a)     How reprehensible was Continental Casualty's conduct?  In deciding how reprehensible Continental Casualty's conduct was, you may consider, among other factors:

1.     Whether the conduct caused physical harm;

2.     Whether Continental Casualty disregarded the health or safety of others;

3.     Whether Bari Vaughn was financially weak or vulnerable and Continental Casualty knew Bari Vaughn was financially weak or vulnerable and took advantage of her;

4.     Whether Continental Casualty's conduct involved a pattern or practice; and

5.     Whether Continental Casualty acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and Bari Vaughn's harm?

(c)     In view of Continental Casualty's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?

INSTRUCTION NO. 53

You may not award Vaughn any damages attributable to Continental Casualty's conduct in defending this lawsuit, including the taking of Vaughn's deposition.  This includes any emotional distress that may have been suffered by Vaughn at her deposition or at trial.

INSTRUCTION NO. 54

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit. Where proper, this is a matter for the Court to determine.

INSTRUCTION NO. 55

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 56

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court. The bailiff cannot relay oral requests to the Court.

INSTRUCTION NO.  57

A  verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.