**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BARI VAUGHN, an individual,

Plaintiff,

vs.

CNA CASUALTY OF CALIFORNIA, a Corporation; LAW OFFICES OF LINDA M. LIBERTUCCI; and DOES 1 through 25, inclusive,

Defendants.

DOCKET NO. SACV 06-0859-JVS (ANx)

*[Assigned to Honorable James V. Selna, Judge - Courtroom 10C]*

**JUDGMENT ON BARI VAUGHN'S COMPLAINT AGAINST CONTINENTAL CASUALTY COMPANY**

Trial Date: February 5, 2008

This matter came on regularly for trial beginning on February 5, 2008 in Department 10C of the United States District Court, Central District, Southern Division, Hon. James V. Selna, presiding. Plaintiff Bari Vaughn was represented by Douglas N. Silverstein, Esq. and Michael G. Jacob, Esq. of Kesluk & Silverstein, P.C.; and Defendant Continental Casualty Company was represented by Kevin Lilly, Esq. and Michael Gregg, Esq. of Littler Mendelson.

A jury of seven persons was regularly impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and the arguments of counsel, the jury was duly instructed by the court, and the cause submitted to the jury with

*Kesluk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

directions to return a special verdict. The court ruled and the jury deliberated, and thereafter rulings and a special verdict was returned on the complaint as follows:

SPECIAL VERDICT

We answer the questions submitted to us as follows:

1. Did plaintiff Bari Vaughn establish by a preponderance of the evidence that Defendant Continental Casualty Company failed to engage in the interactive process?

YES _______ NO ___X____

2. Did plaintiff Bari Vaughn establish by a preponderance of the evidence that Defendant Continental Casualty Company failed to offer her a reasonable accommodation for her disability?

YES _______ NO ___X____

3. Did plaintiff Bari Vaughn establish by a preponderance of the evidence that Defendant Continental Casualty Company discriminated against her on the basis of a mental disability by terminating her?

YES _______ NO ___X____

*Kesluk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4. Did Bari Vaughn establish by a preponderance of the evidence that Continental Casualty Company failed to take all reasonable steps to prevent disability discrimination from occurring against Bari Vaughn?

YES ___X___ NO ________

5. Did plaintiff Bari Vaughn establish by a preponderance of the evidence that defendant Continental Casualty Company terminated her in violation of the California Public Policy against disability discrimination?

YES _______ NO ___X____

6. Did plaintiff Bari Vaughn establish by a preponderance of the evidence that she complained about failure to engage in the interactive process, failure to provide a reasonable accommodation for her disability, and/or discrimination against her on the basis of disability by the defendant Continental Casualty Company?

YES ___X___ NO ________

If your answer to Question No.6 is "Yes," then go to the next question. If your answer to Question No.6 is "No," then do not answer Question Nos. 7, 8, and 9, and proceed to Question No. 10.

7. Did plaintiff Bari Vaughn establish by a preponderance of the evidence that defendant Continental Casualty Company retaliated against her by terminating her?

YES _______ NO ___X____

*Kesluk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

8. Did Bari Vaughn establish by a preponderance of the evidence that Continental Casualty Company failed to take all reasonable steps to prevent retaliation against Bari Vaughn from occurring?

YES ________ NO ___X____

9. Did plaintiff Bari Vaughn establish by a preponderance of the evidence that defendant Continental Casualty Company terminated her in violation of the California Public Policy against retaliation?

YES ________ NO ___X____

10. If you answered, Question Nos. 1,2,3,4,5,7,8 or 9 "Yes," then answer this question. Otherwise skip to the end of the Special Verdict, and sign and date.

What are Bari Vaughn's damages? Count each element of damage only once even if it applies to more than one claim.

a. Past and future economic loss, including lost earnings and benefits: $ 550,000.00

b. Past and future non-economic loss, including, emotional distress: $ 300,000.00

*Kesluk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

11. Did plaintiff Bari Vaughn prove by clear and convincing evidence that Continental Casualty Company was guilty of fraud, oppression or malice with respect to conduct which you have found unlawful?

YES ________ NO ___X____

If your answer is "Yes," go to Question No. 12. If your answer is "No," stop here, and skip the end and sign and date this Special Verdict.

12. Do you find by clear and convincing evidence that punitive damages shall be assessed against defendant Continental Casualty Company?

YES ________ NO _________

13. We assess punitive damages against Defendant Continental Casualty Company as follows?

Amount $ _____________.

Dated: 2/28/2008 /s/

FOREPERSON OF THE JURY

*Kesluk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

The Court having considered the objections of Continental Casualty Company to the form of judgment tendered by Plaintiff Bari Vaughn,

IT IS NOW THEREFORE IT IS ADJUDGED, ORDERED AND DECREED as follows:

That Plaintiff receive $850,000 by way of her Complaint against Defendant Continental Casualty Company, and that Plaintiff is entitled to recover costs in the amount of $____________ .

Dated: March 21, 2008

Hon. James V. Selna
United States District Court Judge

*Kesluk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137